IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT SPRINGFIELD

| | | |
|---|---|---|
| STEVE BAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 6:13 - cv - 3434 |
| | ) | |
| CHRISTIAN COUNTY | ) | |
| **Serve**: Kay Brown, County Clerk | ) | |
| Historic Courthouse | ) | |
| On the Square | ) | |
| Ozark, Missouri 65721 | ) | |
| | ) | |
| THE CHRISTIAN COUNTY COMMISSION | ) | |
| **Serve**: Kay Brown, County Clerk | ) | |
| Historic Courthouse | ) | |
| On the Square | ) | |
| Ozark, Missouri 65721 | ) | |
| | ) | |
| DONOVAN DOBBS, PERSONALLY | ) | |
| AND IN HIS OFFICIAL CAPACITY, | ) | |
| **Serve**: Judicial Facility | ) | |
| 110 W. Elm Street | ) | |
| Ozark, Missouri 65721 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, by counsel, asserts this civil action for money damages and declaratory and injunctive relief against Defendants:

## JURISDICTION AND VENUE

1. Plaintiff's claims for monetary relief are based on a pattern of unlawful discrimination and retaliation against him by all defendants that began November 17th, 2010, and continued uninterrupted through February 3rd, 2012. These claims arise under the Federal Fair Housing Act, as amended, 42 U.S.C. §3601 et seq. and under 42 U.S.C. §1983. Defendants intentionally subjected plaintiff to serial baseless criminal prosecutions and sought to humiliate, discredit and intimidate plaintiff by criticizing him in the regional news media. Defendants' purpose in so acting was not to correct any wrongdoing by plaintiff. Instead, the Christian County Prosecutor's office disclosed that their intent was to shut down a home for disabled people that had opened in Christian County – and prosecuting and publicly criticizing Steve Baughan seemed like a way to pressure the home.

2. Plaintiff's claims for declaratory and injunctive relief are based on the fact that the Christian County (2010) Zoning Ordinance, under which Plaintiff was criminally prosecuted, on its face, continues to discriminate against people with disabilities in the area of housing in violation of the Federal Fair Housing Act, as amended, 42 U.S.C. §3601 et seq.

3. This court has jurisdiction over this civil action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and 42 U.S.C. §3613, as well as, Rules 57 and 65 of the Federal Rules.

4. With respect to his fair housing claim, plaintiff seeks:

   a. Actual and punitive damages pursuant to 42 U.S.C. §3613[C][1];

   b. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. §3613[C][2]; and

   c. Injunctive relief pursuant to 42 U.S.C. §3613[C][1].

5. With respect to his 42 U.S.C. §1983 claim, plaintiff seeks:

   a. Actual and punitive damages;

   b. Declaratory and injunctive relief; and

   c. Reasonable attorneys' fees and costs pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988

6. There are no conditions precedent to litigating plaintiff's claim.

7. Personal jurisdiction and venue in the Western District are proper pursuant to 28 U.S.C. §1391(b) and 18 U.S.C. §1965[a] because:

   a. All defendants reside in and transact their business and affairs in the district; and

   b. A substantial part of the events or omissions giving rise to plaintiffs' claims for relief occurred in the district.

## PARTIES

8. Plaintiff Steve Baughan, an individual, is a resident of the State of Missouri. He is a citizen of the State of Missouri and of the United States.

9. Defendant Christian County is a 2nd class county organized under the laws of the State of Missouri. Christian County is governed by a 3-member legislative body known as the Christian County Commission. Service may be had upon both Christian County and the Christian County Commission by serving: Kay Brown, Christian County Clerk, Historic Courthouse, On the Square, in Ozark, Missouri 65721.

10. Defendant Donovan Dobbs is an assistant prosecutor employed by Christian County. Mr. Dobbs is being sued both personally and in his official capacity as an assistant prosecutor. Service may be had upon Donovan Dobbs at Christian County Judicial Facility, 110 W. Elm Street, Ozark, Missouri 65721.

### COUNT I – REQUEST FOR MONEY DAMAGES

Count I of plaintiff's Complaint seeks money damages under Federal Fair Housing Act, as amended, 42 U.S.C. §3601 et seq. and under 42 U.S.C. §1983 against all defendants.

11. Plaintiff incorporates by reference Paragraphs 1 to 10 in their entirety.

12. Steve Baughan worked for many years as the director of Church Army Branson in Taney County, a local branch of Church Army USA, Inc., a non-profit corporation

organized under the laws of Pennsylvania that provides housing for persons recovering from alcoholism and drug addiction.

13. Church Army USA, Inc. owns a single family residence at 1741 W. Morningside Drive in Nixa, Christian County, Missouri. Architecturally, the residence is similar to surrounding dwellings. The structure serves as alcohol and drug free housing for recovering alcoholics and addicts.

14. 1741 W. Morningside is a peer driven sober living environment designed to increase self-responsibility and support for persons in recovery. 1741 W. Morningside does not provide a "recovery program" or services. But the mutual encouragement among the residents, together with the structured, safe environment, supports recovery from alcoholism and drug addiction and shields the residents from loneliness and isolation.

15. 1741 W. Morningside is <u>not</u> a substance abuse treatment center, halfway house, shelter or community care facility. There is no treatment, counseling, therapy, or any type of health care service provided at the house.

16. 1741 W. Morningside is <u>not</u> a rooming or boarding house. Residents have access to the entire house and all household facilities. The residents function as a single housekeeping unit, sharing all household responsibilities, including cooking, shopping, cleaning and care of the premises. The group behaves like any family

and makes decisions democratically.

17. As a self-run, self-supported shared family home, 1741 W. Morningside is akin to the Oxford House model, which Federal courts have already determined is <u>not</u> a halfway house, health care facility, rehabilitation center or boarding house. By way of case law, see *Oxford House - Evergreen v. City of Plainfield*, 769 F.Supp. 1329 (D. N.J. 1991)(Oxford House is not a halfway house. Residents share more than household responsibilities and meals. The support they lend each other is therapeutic in the same manner as that of a well-functioning family. The relationship is not analogous to that between residents of a boarding house.) A companion case is *Oxford House, Inc. et al. v. Township of Cherry Hill*, 799 F.Supp. 450, 452 (D. N.J. 1992)(Oxford Houses are not health care facilities, rehabilitation centers, or supervised halfway houses. They are simply residential dwellings rented by a group of individuals who are recovering from alcoholism and drug addiction.)

18. The 1988 Fair Housing Amendments Act created a broad protected class. Persons with a record of physical or mental impairment, or those regarded as having such an impairment, are classed as "handicapped". *See* 42 U.S.C. §3602(h) and 24 C.F.R. 100.201(a)(2). Persons recovering from drug and alcohol addiction are within the definition of "handicapped individuals" under the Act. *Oxford House v. Township of Cherry Hill*, 799 F.Supp. 450 (D. N.J. 1991).

19. Also within the protected class are "persons" who aid or encourage others in the exercise or enjoyment of rights granted by the Act. 42 U.S.C. §3617. The Act defines "persons" to include both individuals and corporations. 42 U.S.C. §3602(d).

20. Church Army, being a corporation, is a "person" for purposes of 42 U.S.C. §3602(d) of the Federal Fair Housing Act. Because Church Army aids and encourages persons who exercise and enjoy rights granted by the Act, Church Army also falls within the statutory "protected class" under 42 U.S.C. §3617.

21. Steve Baughan, likewise, is a "person" for purposes of 42 U.S.C. §3602(d) of the Federal Fair Housing Act. And, as the director of Church Army's activities in Taney County, Steve is someone who aided and encouraged persons who exercised and enjoyed rights granted by the Federal Fair Housing Act. Steve falls within the statutory "protected class" under 42 U.S.C. §3617.

22. The Federal Fair Housing Act, 42 U.S.C. §3601 et seq., prohibits activities by State and local governments that amount to "discriminatory housing practices" against handicapped persons and others within the protected class.

23. More than one type of "discriminatory housing practice" is possible. *See* 42 U.S.C. §3602(f).

24. A local zoning ordinance that discriminates against handicapped persons is a "discriminatory housing practice" under 42 U.S.C. §3604(f)(3). Likewise, it is

unlawful to coerce, intimidate, threaten or interfere with a person because he has aided others in the exercise or enjoyment of their rights under the Act. 42 U.S.C. §3617.

25. The present complaint identifies discrimination under both §3604 and §3617.

**PATTERN OF COERCION, INTIMIDATION, THREATS & INTERFERENCE**

26. The Fall of 2007, Church Army contemplated purchasing the home at 1741 W. Morningside Drive in Nixa.

27. Neighbors complained about the potential purchase. This led the Christian County Planning & Zoning Department to seek a legal opinion about the prospects for blocking the Church Army home.

28. The legal opinion obtained by Christian County P & Z informed Christian County that the Church Army home was protected under the Fair Housing Act; that the County could not make housing unavailable; and that the County would have to extend "reasonable accommodation" to Church Army. The opinion goes on to state that the proposed Church Army house would be a "permitted used" under Christian County's Unified Development Code and that the house would be entitled to a Division 2 permit – authorizing its operation. See **Plaintiff's Exhibit 1**.

29. Neighbors continued to pressure the Christian County government, with the result that in November 2010, the Christian County Prosecutor filed criminal charges

against Steve Baughan – the director of Church Army Branson in Taney County.

30. The decision to prosecute Steve was odd. Steve ran Church Army's operation in Taney County. Rob Owen was the director of Church Army in Christian County. Bob Atchley, the former director of Christian County Planning & Zoning, stated that he dealt with Rob Owen, never with Steve Baughan.

31. Nonetheless, Mr. Atchely, Christian County's Director of Planning & Zoning signed an Affidavit of Probable Cause, accusing Church Army of zoning violations. Based on this Affidavit, the Christian County Prosecutor's Office filed criminal charges against Steve Baughan, alleging a zoning violation. See **Plaintiff's Exhibit 2**.

32. The Misdemeanor Information alleges that Steve Baughan violated Articles 26 & 51 of Christian County's Unified Development Code (i.e. Zoning Ordinance), starting in February 2008, because he allegedly "operated a halfway house at 1741 West Morningside Drive, Nixa".

33. Apart from the fact that Steve did not operate the Church Army house in Christian County, the misdemeanor information is curious because:

    a. Articles 26 & 51 were enacted on July 8th, 2010, and became effective August 9th, 2010 – two and one half years after the alleged violation;

    b. The 1993 Unified Development Code that had been operative in 2008 was repealed effective July 8th, 2010; and

c. Under both the 2010 Zoning Ordinance (Art. 4, §2) and by statute (64.610.3, RSMo) Church Army's use of 1741 W. Morningside was grand fathered and therefore exempt from the 2010 Zoning Ordinance.

34. Shortly after criminal charges were filed against Steve, Prosecutor Ron Cleek and Assistant Prosecutor Donovan Dobbs launched a media blitz, accusing Church Army and Steve Baughan of criminal violations. The Springfield News Leader published the Prosecutors' statements – as a feature article – to more than 300,000 households in Southwest Missouri. Steve Baughan's photo was included. Assistant Prosecutor Dobbs conceded to the News Leader his "concerns" about whether the (1993) *Code* was enforceable. See **Plaintiff's Exhibit 3**, News Leader article.

35. The media blitz was more than a smear campaign. It was an attempt to rob Steve Baughan of his constitutional right to trial by a fair and impartial jury. The approach of the Prosecutor and Assistant Prosecutor may have gone down well with their constituents. But "legal trials are not like elections, to be won through the use of the meeting-hall, the radio and the newspaper." *Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966). The very "theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." *Patterson v. Colorado*, 205 U.S. 454, 462 (1907)(Holmes, J.) At a minimum, the constitutional guarantee of

-10-

Case 6:13-cv-03434-SWH   Document 1   Filed 11/16/13   Page 10 of 20

due process means that a defendant may be deprived of his liberty only by the verdict of an impartial jury – a jury that has not predetermined the defendant's guilt or innocence based upon inflammatory pretrial publicity. A conviction that rests on any lesser foundation is unconstitutional.

36. On April 28, 2011, the Hon. Judge John Waters of the 38th Judicial Circuit threw out the criminal charges against Steve Baughan in case 10CT-CR01637 on the ground that – even if the allegations of the County Prosecutor were true – Baughan committed no crime. See **Plaintiff's Exhibit 4**.

37. On May 10, 2011, the Office of the Prosecuting Attorney re-filed criminal charges against Steve Baughan, who by that time had become national director for Church Army USA, Inc., in case number 11CT-CR00481, alleging that between February 4th, 2008, and December 17th, 2008, Steve Baughan violated the (1993) *Unified Development Code* by operating a halfway house in Christian County. At the time charges were filed, the (1993) *Code* was no longer in effect. It had been repealed July 8th, 2010. See **Plaintiff's Exhibit 5**.

38. This second round of charges were predicated on an Affidavit of Probable Cause, sworn to by Christian County's Director of Planning & Zoning, Todd Wiesehan. The Affidavit makes a number of false statements:

   a. It alleges that Church Army must obtain a Division III permit. This

contradicts the legal opinion Christian County obtained in 2008. It also ignores the fact that Division III permits were no longer in use.

b. It alleges that Steve Baughan operated the Church Army house in Christian County, though everyone knew Rob Owen was the Christian County director.

c. It alleges that Church Army USA, Inc. is a Missouri non-profit, which it is not.

d. And it alleges that Baughan was personally liable for the actions of Church Army as an entity – which contradicts Missouri law on the vicarious criminal liability of corporate officers.

39. Five features of the 2011 criminal charges indicate bad faith by Christian County and by the Christian County Office of Prosecuting Attorney:

a. First, Assistant Prosecutor Dobbs charged Steve Baughan for alleged misdemeanor violations in 2008 – 17 months after the statute of limitations for misdemeanors lapsed, even if Steve had committed a violation. *See* 556.036.2(2), RSMo.

b. Second, Steve was charged under an ordinance that had been repealed without a savings clause.

c. Third, prior to filing case 11CT-CR00481, both Prosecutor Ron Cleek and

Assistant Prosecutor Donovan Dobbs acknowledged that there were substantive problems with the (1993) *Code* for violations of Dillon's Rule – and yet Dobbs attempted to enforce it in a criminal proceeding.

d. Bad faith is further shown by the disregard of the Federal protections for Church Army and Steve Baughan under 42 U.S.C. §3617 of the Fair Housing Act – which Christian County had known about since 2008.

e. Finally, the Affidavit of Probable Cause contained statements what were obviously false.

40. The Hon. Judge Larry Luna, Associate Circuit Judge in Christian County, dismissed the charges against Steve Baughan on February 3rd, 2012. Judge Luna relied on the second of these indicia of bad faith, namely, that ordinance under which Steve Baughan was charged – the (1993) *Code* – had been repealed on July 8th, 2010, without a savings clause. See **Plaintiff's Exhibit 6**.

41. Assistant Prosecutor Dobbs continued to be critical in the media right through the end of the 2011 prosecution. He also spoke against Steve to people in the community – outside of judicial proceedings.

42. The actions of Christian County against Steve Baughan – the serial prosecutions and the attacks against Steve in the media – were not the acts of employees, working in isolation. A strategy memo from January 12th, 2011, shows that the Christian

-13-

County Commissioners, Christian County Prosecutors, Christian County Building Regulations Department, Christian County Planning & Zoning Department and the Nixa Fire Protection District worked in concert against Church Army. See **Plaintiff's Exhibit 7**.

43. What is more – the Christian County Commission knew that the County might be liable for the attacks against Church Army and Steve – yet the Commission continued to press its attacks. **Plaintiff's Exhibit 8** indicates that by mid-2011, the Christian County Commission notified its insurer of possible claims against the County based on violations of the Federal Fair Housing Act. The insurer, Trident, denied coverage. Remarkably, Christian County continued its pattern of coercion, intimidation, threats and interference against both Baughan and Church Army.

### OVERVIEW OF SUBSTANTIVE VIOLATIONS OF STEVE BAUGHAN'S RIGHTS

44. Steve Baughan as a member of a protected class, had a right not to be targeted by Christian County and Dobbs in violation of the Federal Fair Housing Act.

45. Steve Baughan had a right under Missouri law not to face malicious prosecution from Christian County – the malicious prosecution being shown here by the fact that:

    a.  Christian County instigated and abetted and was the legal cause of criminal prosecutions of Steve;

b. Both criminal prosecutions terminated in favor of Steve Baughan;

c. There was no probable cause to believe Steve Baughan committed a crime for which he could be prosecuted – that is – an ordinarily cautious person would no believe that either the 2010 criminal charge or the 2011 criminal charge was a valid judicial proceeding.

d. Christian County intentionally committed wrongful acts against Steve Baughan, without just cause or excuse and without reasonable grounds.

e. And Steve was damaged thereby.

46. Steve Baughan had a right under Missouri law not to be prosecuted for an alleged misdemeanor outside the one-year statute of limitations.

47. Steve Baughan had a right under the United States Constitution and Missouri Constitution, not to be prosecuted retroactively, under an ordinance passed in 2010, based on his alleged conduct in 2008.

48. Steve Baughan had a right under Missouri Law not to be prosecuted

49. Steve Baughan had a right under the United States Constitution, the Federal Fair Housing Act and the Missouri Constitution not to be maligned by the County Prosecutors in the new media at the outset of a criminal case against him.

50. Christian County and Assistant Prosecutor Dobbs are "persons" who under color of state law intentionally and knowingly subjected Steve Baughan to a violation and

-15-

deprivation of his rights, privileges and immunities secured by the U.S. Constitution, secured by Federal Law, and secured by the Constitution and Laws of the State of Missouri, and Steve suffered damage thereby. Concerning Steve's Federal Constitutional rights, alone, Christian County and Dobbs violated Steve's rights under:

a. The Equal Protection Clause of the XIVth Amendment;

b. The Due Process Clause of the XIVth Amendment;

c. The Privileges and Immunities clauses in Article IV, Section 2 and in the XIVth Amendment;

d. And, Christian County applied the (2010) *Zoning Regulations* retroactively as an unconstitutional *ex post facto* law.

51. The actions of Christian County and Assistant Prosecutor Dobbs showed evil motive and a reckless indifference to the rights of Steve Baughan.

WHEREFORE, plaintiff Steve Baughan prays that the Court grant judgment in his favor and against all defendants under the Federal Fair Housing Act, as amended, 42 U.S.C. §3601 et seq. and under 42 U.S.C. §1983 – specifically:

A. May the Court award Steve Baughan compensatory damages and punitive damages against Assistant Christian County Prosecutor, Donovan Dobbs, personally and in his official capacity, based on Dobbs attack against Steve

Baughan in the media and in speaking to members of the community against Steve outside of Court;

B. May the Court award Steve Baughan compensatory damages and punitive damages against Christian County and the Christian County Commission;

C. May the Court award Steve Baughan his reasonable attorneys' fees and costs of suit; and

D. May the Court grant such further relief as appropriate.

## COUNT II – REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

Count II of plaintiff's Complaint seeks declaratory and injunctive relief under Federal Fair Housing Act, as amended, 42 U.S.C. §3601 et seq. and under 42 U.S.C. §1983 against defendant Christian County.

52. Plaintiff incorporates by reference Paragraphs 1 to 51 in their entirety.

53. The (2010) *Zoning Regulations of Christian County* prohibit persons handicapped by a record of alcoholism and drug addiction from living in areas zoned R-1 and R-2, unless the handicapped person lives alone. Under Article 26 of the *2010 Zoning Regulations* (combined with the definition of Group Home, Non-Residential on page 11) a single family home occupied by eight or fewer persons recovering from drug or alcohol addiction may only be situated in an R-3 or R-4

-17-

zone. The draconian law prohibits – for example – a husband and wife handicapped by a history of drug or alcohol addiction from living in their own home in an R-1 or R-2 neighborhood; and such a family could face criminal penalties of up to one year in jail (and a $1000 fine) for doing so.

54. Under the (2010) *Zoning Regulations*, if two or more handicapped persons desire to live in an R-1 or R-2 area, they must go through a re-zoning process that is a gauntlet of abuse. After paying a fee, the handicapped persons must notify residents of the neighborhood where they hope to live of their intent in advance by mail; they must also publish their intent in a newspaper of general circulation in the county. The handicapped persons will then be subject to a minimum of two public hearings at which neighbors are permitted to vent their disapproval. An organization, such as Church Army, that provides housing for the handicapped faces the same process. *See* Article 49 of the (2010) *Zoning Regulations*.

55. The neighborhood notice requirements of the (2010) *Zoning Regulations* violate 42 U.S.C. §3602(f) and §3604. And the patent discrimination of barring handicapped persons from R-1 and R-2 zones fails the "reasonable accommodation" test of §3604(f).

56. Apart from the Fair Housing Act, both the (1993) *Code* and (2010) *Zoning*

*Regulations* violate the constitutional rights of handicapped persons.

57. The (1993) *Code* and the (2010) *Zoning Regulations* conflict with the Equal Protection Clause of the XIVth Amendment because handicapped persons in Christian County are singled out for fees, bureaucratic hurdles, and an invasion of privacy to which citizens, generally, are not subject.

58. The Equal Protection Clause prohibits local governments from requiring a special use permit for a home for persons with disability when such permits are not required for similar residential uses. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985).

59. By prohibiting handicapped persons from living where they want – both the (1993) *Code* and the (2010) *Zoning Regulations* deprive handicapped persons of liberty and property rights without due process – in violation of the XIVth Amendment to the United States Constitution.

60. The (1993) *Code* and the (2010) *Zoning Regulations* violate the privileges and immunities clauses in Article IV, Section 2 and in the XIVth Amendment.

61. Finally, the Christian County Office of Prosecuting Attorney has applied the (2010) *Zoning Regulations* retroactively as an unconstitutional *ex post facto* law.

WHEREFORE, plaintiff Steve Baughan prays that the Court grant judgment in his favor and against all defendants under the Federal Fair Housing Act, as amended, 42 U.S.C.

-19-

Case 6:13-cv-03434-SWH   Document 1   Filed 11/16/13   Page 19 of 20

§3601 et seq. and under 42 U.S.C. §1983 – specifically:

A.      May the Court declare that Christian County's (2010) Zoning Regulations unlawfully discriminate against persons handicapped by a record of alcoholism and drug addiction;

B.      May the Court issue injunctive relief, prohibiting Christian County from enforcing, or attempting to enforce, its (2010) Zoning Regulations to prohibit persons handicapped by a record of alcoholism and drug addiction from living where they choose to live within the County;

C.      May the Court award Steve Baughan his reasonable attorneys' fees and costs of suit; and

D.      May the Court grant such further relief as appropriate.

Date: 16th November 2013      Respectfully submitted,

/s/ Timothy Davis

_____

Timothy S. Davis, Esq.    # 57050
P.O. Box 1625
Branson, Missouri 65615
Email:  tim@davisbrotherslaw.com
Tel: (417) 294 - 1083
Fax: (417) 334 - 7385
ATTORNEY FOR PLAINTIFF

-20-

Case 6:13-cv-03434-SWH   Document 1   Filed 11/16/13   Page 20 of 20